## Wilcox v. Moore

*Thomas E. Wilcox*, for petitioner.
*William A. Heke*, for respondents.

BROWN, *P.J.*, *Specially Presiding*, January 17, 1980—

### FACTS[1]

Petitioner is the duly elected sheriff of Tioga County, a sixth class county. As such he has been engaged in performing all of the duties that attach to his office.

In addition, he has been responsible for the government, management, and control of the county jail as provided by the Act of May 11, 1949, P.L. 1191, sec. 1, 61 P.S. §419.1. In this latter capacity, petitioner's duties have included maintaining constant surveillance and security over prisoners, scheduling duty for turnkeys, presiding over cleaning jail quarters in all weather conditions and re-

---

1. This matter has been submitted on written briefs, and it is the court's understanding that both parties are accepting the facts alleged in the petition for declaratory judgment as true.

gardless of condition of prisoners, attending to medical and dental needs of prisoners, arranging access to counsellors and visitors, photographing and fingerprinting prisoners, maintaining logs, 24-hour alert status, overseeing snow removal, mowing of lawns for the county, complying with numerous state and Federal laws, and numerous other tasks of warden and jailer.

In conjunction with his warden-jailer duties, petitioner has been accorded by the county commissioners the right to reside in residence quarters at the jail. However, the commissioners have denied him any control over prisoner food processes and services as well as control of the office of warden or jailer. In similar fashion no financial provisions have been made for petitioner to have funds to be used for the purpose of jailer or warden. The commissioners have likewise refused to pay petitioner a separate salary for the duties he performs as warden.

## DISCUSSION AND CONCLUSIONS OF LAW

While the petition lists several issues for the court to decide, the parties seem to be in agreement that the question before the court is whether petitioner as sheriff may name himself as warden of the county jail and then be paid compensation over and above his statutorily mandated compensation as sheriff. The county commissioners are apparently in agreement to pay the sheriff such additional compensation for his jailer or warden duties, but they argue that they are prohibited by law from making such payments of extra compensation.

A number of statutes have been cited, none of which seem to deal directly with this issue. In analyzing the parties' respective positions, the

starting point is the Act of May 11, 1949, P.L. 1191, sec. 1, 61 P.S. §419.1, which provides:

"In every county of the sixth, seventh and eighth classes, the government, management and control of the county jail or prison and the safekeeping, care, maintenance, discipline and employment of the prisoners therein, is vested in the sheriff of the county and the officers and employes appointed by him, as hereinafter provided. The sheriff and his family may be furnished a residence in the county jail or prison and the sheriff shall from time to time, with approval of the county salary board, appoint as many keepers and other employes of said jail or prison as the salary board shall approve. The compensation of such keepers and other employes shall be fixed by the county salary board in the same manner as the compensation of other appointed county officers and employes."

The aforesaid statutory provision governs the situation in Tioga County, since the commissioners have not exercised their option under the Act of January 25, 1966, P.L. (1965) 1577, as amended, 61 P.S. §408, to have the county prison come under the jurisdiction of a board of inspectors. Apparently, such action has been considered and rejected by the county commissioners.

In conjunction with the Act of 1949, the petitioner has cited The County Code of August 9, 1955, P.L. 323, sec. 1608, as amended, 16 P.S. §1608, which provides:

"The county solicitor, county jailer, county commissioners, county controller, county engineer, county detectives, county treasurer, interpreter of courts, district attorney and his assistants, and in counties of the sixth, seventh and eighth classes all

county officers for whom a salary is fixed by law and the deputies, clerks and employes of their respective offices, shall severally be paid weekly, bi-weekly, semi-monthly, or monthly, at the discretion of the county commissioners of the county. . . ."

In addition petitioner has made reference to the Act of May 9, 1949, P.L. 927, as amended, 16 P.S. §11301, as amended by Act No. 45 of 1978, effective June 27, 1978. This act provided that when the sheriff was in charge of any jail he should be entitled to receive such allowance for the custody, care and maintenance of prisoners as may be fixed by the courts or official boards of the county having supervision of the institution in addition to any compensation for his services as fixed by law. This particular statute was repealed effective June 27, 1978, by the Judiciary Act Repealer Act and its availability to the petitioner would seem to be nonexistent.[2]

Petitioner has also cited the case of Krasinski v. Gorman, 36 D. & C. 2d 539 (1965), and numerous appellate decisions cited therein in support of his claim. All of these cases deal with the sheriff's right to manage and control the jail and his authority to appoint persons to assist him in carrying out these responsibilities. None of them deal with the question of his entitlement to additional compensation for his jail keeping duties.

In opposition to petitioner's request, respondents rely upon The County Code, sec. 1553, as amended

---

2. In somewhat anomalous fashion, it would appear that the legislature amended 16 P.S. §11301 effective June 27, 1978, and then repealed that amendment absolutely effective the same date by the enactment of the Act of April 28, 1978, P.L. 202, 42 Pa.C.S.A. §20002(a) [1264].

by the Act of July 31, 1968, P.L. 938, sec. 1, 16 P.S. §1553, which mandates the salaries to be paid to elected officials, including the sheriff, of sixth class counties. It is argued that the sheriff's duties with regard to the jail are encompassed within his overall duties as sheriff, and that his statutorily mandated salary includes payment for these services. While none of the statutes previously cited directly speak on the issue of the sheriff's entitlement to additional compensation for his jail keeping responsibilities, a fair reading of section 1553 of The County Code would seem to prohibit such compensation for the reason advanced by respondents.

Petitioner in apparent recognition of the restrictions of section 1553 seeks to avoid its application by the exercise of his appointment powers under 61 P.S. §419.1. His proposal of appointing himself as warden or jailer under that statute with the approval of the salary board would then open the door to his entitlement to extra compensation for those duties.

An analysis of the sheriff's appointment powers under 61 P.S. §419.1 leads to the conclusion that the manifest legislative purpose was to assure the sheriff an adequate staff to assist him in carrying out his supervisory duties over the county jail. To permit the sheriff to appoint himself as a member of his own staff would in no way further the legislature's intent in enacting the statute. Such an act would not augment the sheriff's jail staff. It is certainly not clear and therefore doubtful that the legislature intended this statute to be used as a device for the securing of additional compensation for the sheriff for the performance of his duties at the jail. Consequently, petitioner's construction of 61 P.S. §419.1 must be rejected.

Petitioner's reliance on section 1608 of The

County Code, 16 P.S. §1608, is also of no assistance to his claim. While that statute authorizes compensation for a county jailer, it would seem to be limited to a jailer or warden appointed by the sheriff under 61 P.S. §419.1 or by a board of inspectors under 61 P.S. §409. Petitioner cannot place himself in either of these categories.

As a further aid in construing section 1608 of The County Code as not authorizing additional compensation for a sheriff in his capacity as jailer, the court must pay heed to various other legislative enactments. The Act of May 11, 1949, 61 P.S. §419.1, defined and imposed the sheriff's duties as they relate to the management and control of the county jail. Since that time various statutes fixing the sheriff's salary have been enacted, including section 1553 of The County Code, 16 P.S. §1553, which is the current statute on the subject. Having previously imposed the duties of jailer on the sheriff, it would seem that the legislature would have been cognizant of those duties when enacting subsequent salary statutes, and would have taken them into account in setting the sheriff's salary. The fact that the legislature has never authorized the payment of additional compensation to the sheriff as jailer would seem to support the view that compensation for these duties is included in the sheriff's legislatively mandated salary.

The circumstances presented in this matter are somewhat unfortunate. The court is willing to acknowledge that petitioner's responsibilities as sheriff and as jailer are substantial, both qualitatively and quantitatively. The demands made upon him as jailer have without question dramatically increased since the Act of 1949. This is a fact that has apparently been recognized by the county

commissioners who do not object to his receiving additional compensation other than upon grounds that there is no legal authorization for the same.

So long as the commissioners decline to relieve petitioner of his responsibilities for the county jail by the creation of a prison board, his only recourse is to the legislature for a resolution of his dilemma. His duties as sheriff must also be deemed to include his duties as jailer. The legislature has created his situation and it cannot be changed by the judiciary under traditional concepts of separation of powers.

## ORDER

And now, January 17, 1980, based upon the foregoing opinion, it is hereby ordered that the declaratory relief sought by petitioner be denied, and that the petition for declaratory judgment be dismissed.